IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KYLE MARCEL PAGE | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-609 |
| | : | |
| CHIEF DANIEL DOYLE, *et al.*, | : | |
| Defendants. | : | |

KEARNEY, J.                                                                                                          June 12, 2018

## **MEMORANDUM**

While awaiting his September 2018 state court trial on robbery charges, Kyle Page *pro se* sues Tullytown Borough Police Chief Daniel Doyle and Bucks County Detective Eric Landamia for false imprisonment, excessive force, harassment, slander, perjury, pain and suffering, and forgery relating to the pending charges against him. Detective Landamia moves to dismiss the Complaint and Chief Doyle moves to partially dismiss the Complaint. We grant their Motions without prejudice to Mr. Page amending his Complaint if he can allege facts in good faith consistent with this Memorandum. His present *pro se* Complaint does not come close. Until we can review facts possibly stating a claim, we decline to predict whether several arguments under qualified immunity, immunity from state law claims, improper collateral attack on an ongoing state criminal prosecution, and statute of limitations could further bar Mr. Page's claims.

I.    **Alleged facts**

On February 20, 2017, Detective Eric Landamia and Chief Daniel Doyle arrested Mr. Page suspecting his involvement in a robbery.[1] Chief Doyle grabbed Mr. Page's wrists and threw him against a car during the arrest.[2] Chief Doyle bent Mr. Page's arm backward and twisted his wrist while Detective Landamia called Mr. Page the "N" word.[3] Mr. Page complained about the pain and his left thumb popped out of its socket.[4] Detective Landamia told

Mr. Page if he said anything about the incident he would regret it.[5] Detective Landamia said he would do anything to get Mr. Page in jail even if he had to fabricate evidence.[6]

Mr. Page alleges Detective Landamia and Chief Doyle falsified victims' statements and other documents in connection with his arrest.[7] Mr. Page alleges they changed the victims' statements to match his height, weight, and build to retaliate against him and make a stronger case. Mr. Page also alleges Detective Landamia and Chief Doyle told his landlord "Kyle Page your tenant held up three people at gunpoint you should kick him out."[8]

Mr. Page initially entered a nolo contendere plea for the robbery and related charges.[9] On February 9, 2018, Mr. Page moved to withdraw his nolo contendere plea.[10] The Court of Common Pleas granted his motion to withdraw the plea on June 8, 2018 and the state court scheduled trial for September 4, 2018. Mr. Page is incarcerated awaiting his trial.

## II. Analysis

Mr. Page sues Chief Doyle and Detective Landamia for false imprisonment, excessive force, harassment, slander, perjury, pain and suffering, and forgery. Detective Landamia and Chief Doyle move to dismiss the *pro se* Complaint.[11] Mr. Page alleges he pled sufficient facts for each claim. Chief Doyle does not presently challenge Mr. Page's claim for excessive force.[12]

### A. We dismiss Mr. Page's verbal harassment claim.

Mr. Page alleges Detective Landamia and Chief Doyle called him racial slurs during his arrest. Mr. Page claims Detective Landamia told him he would fabricate evidence to get him in jail.

Assuming Mr. Page attempts to plead a cause of action under 42 U.S.C. § 1983, to state a claim, "he must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color

2

of state law."[13] A cause of action under § 1983 fails when no identifiable constitutional right is infringed.[14] Absent injury, allegations of verbal abuse or threats are not cognizable under § 1983.[15]

Mr. Page fails to allege Detective Landamia or Chief Doyle injured him beyond the threats. Mr. Page does not allege injury arising from the racial slurs. He fails to plead the alleged threat ended in a physical injury. We dismiss Mr. Page's verbal harassment claims against Detective Landamia and Chief Doyle with leave to amend.

### B. We dismiss Mr. Page's false imprisonment claim.

Mr. Page alleges Detective Landamia and Chief Doyle improperly detained him during his arrest and he is currently improperly detained in prison. Mr. Page alleges Detective Landamia and Chief Doyle violated his Fourth Amendment right through false imprisonment and alleges a lack of probable cause.

Under the Fourth Amendment, a police officer needs probable cause to arrest an individual.[16] To determine whether an officer has probable cause, we must evaluate the totality of the circumstances to determine whether the objective facts available to the officer sufficiently justified a reasonable belief the suspect committed a crime.[17] "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[18]

Mr. Page's robbery charge still stands.[19] Mr. Page moved to withdraw his nolo contendere plea and the state court granted his motion. But he remains in jail awaiting his September 4, 2018 trial. No court has acquitted him. The Commonwealth has not expunged a

conviction.[20] He cannot, as yet, state a claim for an unconstitutional conviction or imprisonment. We dismiss Mr. Page's claim of false imprisonment against Detective Landamia and Chief Doyle without prejudice.

### C. We dismiss Mr. Page's defamation of character claim.

Mr. Page alleges Detective Landamia and Chief Doyle defamed his character by telling his landlord, "Kyle Page your tenant held up three people at gunpoint you should kick him out."[21]

"The Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations."[22] Mr. Page cannot plead a slander claim as a § 1983 claim because it is not cognizable under § 1983.[23] To state a due process claim for deprivation of a liberty interest in reputation, "a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest."[24] Known as the "stigma-plus" test, Mr. Page must plead facts stating (1) a false and stigmatizing statement was made publicly and (2) an alteration or extinguishment of "a right or status previously recognized by state law."[25]

Mr. Page alleges Detective Landamia and Chief Doyle told his landlord to kick him out because he held up three people at gunpoint. Mr. Page fails to satisfy either prong of the stigma-plus test. Mr. Page alleges this statement is untrue but does not allege Detective Landamia or Detective Doyle publicly made the statements or that led to an extinguishment of a previously recognized right. We dismiss Mr. Page's defamation of character claim without prejudice.

### D. We dismiss Mr. Page's state law defamation claim.

Mr. Page alleges Detective Landamia and Chief Doyle defamed his character by telling his landlord, "Kyle Page your tenant held up three people at gunpoint you should kick him out."[26] Mr. Page's defamation claim fails under Pennsylvania state law because he does not

4

plead the seven elements of defamation under 42 Pa. C.S.A. § 8343: (1) the defamatory nature of the alleged communication, (2) its publication by the defendant, (3) its application to the plaintiff, (4) the recipient's understanding of the its meaning, (5) the recipient's understanding that the communication is intended to be applied to the plaintiff, (6) special harm resulting to the plaintiff, and (7) abuse of a conditionally privileged occasion."[27]

Mr. Page does not allege Detective Landamia or Chief Doyle published the defamatory words or special harm resulting from its publication. We dismiss the state law defamation/slander claim against Detective Landamia and Chief Doyle without prejudice.

### E. We dismiss Mr. Page's slander claim.

Mr. Page alleges Detective Landamia and Chief Doyle "went around slandering [his] name and got [him] kicked out of [his] apartment."[28]

"Statements by a defendant imputing to the plaintiff a criminal offense, punishable by imprisonment, or conduct incompatible with the plaintiff's business constitute slander *per se.*"[29] Mr. Page is not required to allege the slander *per se* resulted in special harm, but only actual harm.[30] Actual harm includes impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering.[31]

Mr. Page fails to allege Detective Landamia or Chief Doyle's slanderous statements resulted in either special harm or actual harm. Mr. Page alleges Detective Landamia and Chief Doyle "got [him] kicked out of [his] apartment," but does not allege this occurred because of their statements. Although Chief Doyle alleges the slander claim is barred by the statute of limitations, Mr. Page never specifies when Detective Landamia or Chief Doyle talked to his landlord. We dismiss Mr. Page's slander per se claim without prejudice.

**F. We dismiss Mr. Page's fabrication of evidence claim.**

Mr. Page alleges Detective Landamia and Chief Doyle changed victims' statements purposely (height, weight, and build) to retaliate and build a stronger case against him.

To the extent Mr. Page is referring to fabrication of evidence claim under his Fourteenth Amendment right to due process, he fails to plead sufficient facts. The United States Court of Appeals for the Third Circuit "emphatically reject[s] the notion that due process of law permits the police to frame suspects."[32] Our court of appeals also rejects "the contention that there cannot be a stand-alone Fourteenth Amendment claim predicated on the fabrication of evidence."[33] To plead a fabrication of evidence claim under § 1983 based on the Fourteenth Amendment, a civil plaintiff must plead sufficient facts alleging the fabricated evidence was so significant that it could have affected the outcome of the criminal case."[34]

Mr. Page alleges Detective Landamia and Chief Doyle purposely fabricated evidence to build a stronger case against him and swore to it under oath. Mr. Page fails to plead facts showing the significance of this fabrication. He pleads no facts alleging this fabrication of evidence affected the outcome of his criminal case which is not scheduled until September 2018. We dismiss his fabrication of evidence claim against Detective Landamia and Chief Doyle without prejudice.

**G. We dismiss Mr. Page's perjury claim.**

Mr. Page alleges Detective Landamia and Chief Doyle swore to evidence they intentionally altered under oath.

Under 18 Pa. Cons. Stat. § 4902(a), "A person is guilty of perjury, a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true."[35] The elements of perjury include (1) an oath to

6

tell the truth taken by the accused, (2) administration of the oath by legal authority in a judicial proceeding or statutory affidavit, (3) and willfully false and material testimony by the defendant in such proceeding.[36]

Mr. Page alleges Detective Landamia and Chief Doyle purposely reported false statements to build a stronger case against him and swore to it under oath. But in Pennsylvania perjury is a criminal offense with no civil remedy.[37] We dismiss Mr. Page's perjury claims against Detective Landamia and Chief Doyle with prejudice.

### H. We dismiss Mr. Page's forgery claim.

Mr. Page alleges Detective Landamia and Chief Doyle altered victims' statements to meet Mr. Page's description.

Under 18 Pa. Cons. Stat. § 4101(a), "[a] person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor alters any writing of another without his authority."

Mr. Page alleges Detective Landamia and Chief Doyle purposely changed victims' statements (height, weight, build) to retaliate against him. Mr. Page alleges Detective Landamia and Chief Doyle altered the victims' statements without the victims' authority. No private civil cause of action for forgery exists in Pennsylvania.[38] We dismiss Mr. Page's forgery claim against Detective Landamia and Chief Doyle with prejudice.

### I. We dismiss Mr. Page's excessive force claim against Detective Landamia.

Mr. Page alleges "[d]efendants did use excessive force" when detaining him.[39] He claims Chief Doyle bent his arm backwards and injured him but does not allege facts showing Detective Landamia physically touched him.

7

Excessive force claims brought under § 1983 are not governed by a single standard.[40] "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force."[41] The validity of the claim is then judged by reference to the specific constitutional standard which governs the right, rather than to some generalized "excessive force" standard.[42] When the excessive force claim arises out of the context of an arrest, it is commonly analyzed under the Fourth Amendment.[43] To state an excessive force claim under the Fourth Amendment, Mr. Page must allege the officers' actions were unreasonable.[44] "The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations."[45] Factors to consider when making a determination of reasonableness include the severity of the crime at issue, the threat the suspect poses to the safety of the officers or others, and the risk of escape.[46]

Mr. Page alleges someone roughly grabbed him and threw him against a car but does not name Detective Landamia as the person responsible for this act. He does not allege Detective Landamia acted unreasonably during the arrest based on the totality of the circumstances. Chief Doyle's decision to not presently challenge the excessive force claim does not implicate Detective Landamia. "A defendant in a civil rights action must have personal involvement in the alleged wrongs."[47] Mr. Page does not plead Detective Landamia touched Mr. Page. We dismiss Mr. Page's claim of excessive force against Detective Landamia without prejudice.

### J. We do not opine whether qualified immunity exists as to the federal claims or whether state law claims are barred by Political Subdivision Tort Claims Act.

Detective Landamia and Chief Doyle allege the statutory and constitutional claims against them should be dismissed because they are entitled to qualified immunity.[48] They also argue the state law claims must be dismissed under the Political Subdivision Tort Claims Act.

As shown, Mr. Page does not state a claim for verbal harassment, false imprisonment, defamation of character, slander, fabrication of evidence, perjury, forgery, or excessive force against Detective Landamia and Chief Doyle. We grant him leave to plead facts which may support these claims if he can in good faith. He may be able to plead facts and theories not covered by qualified immunity or the Act. Rather than apply qualified immunity or immunity under the Act at this stage, we will reserve those determinations after we see if Mr. Page can plead facts before applying defenses.

We also decline to predict whether Mr. Page can plead facts and claims which do not impermissibly attack the ongoing state court criminal proceeding. Mr. Page faces a difficult burden in overcoming these defenses, but we prefer to see if he can state a claim before evaluating these well-established defenses.

### III. Conclusion

In the accompanying Order, we dismiss Mr. Page's claims for perjury and forgery with prejudice. We dismiss Mr. Page's claim for verbal harassment, false imprisonment, defamation of character, slander, fabrication of evidence, and excessive force without prejudice. We grant Mr. Page leave to file an amended complaint if he can cure the several pleading defects based on facts asserted in good faith under Fed. R. Civ. P. 11. We defer ruling on several defenses, including qualified immunity, immunity from state law claims under the Act or statute of

limitations on state law claims until we allow Mr. Page one opportunity to plead facts consistent with this Memorandum in good faith.

---

[1] ECF Doc. No. 22-1.

[2] ECF Doc. No. 7, p. 3.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] ECF Doc. No. 24.

[8] *Id.*

[9] ECF Doc. No. 22-1.

[10] *Id.*

[11] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Insterstate, LLC*, --- F.3d ---, 2018 WL 818004, at *2 (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[12] *See* ECF Doc. No. 22.

[13] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[14] *Bieros v. Nicola*, 860 F. Supp. 226, 230 (E.D. Pa 1994) (citing *Dismukes v. Hackathorn*, 802 F. Supp. 1442, 1444 (N.D. Miss. 1992)).

[15] *Brown v. Hamilton Twp. Police Dept. Mercer Cnty*, 547 F. App'x 96, 97 (3rd Cir. 2013).

[16] *Papachristou v. City of Jacksonville*, 405 U.S. 156, 169 (1972).

[17] *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000).

[18] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

[19] ECF Doc. No. 22-1.

[20] "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *See Heck v. Humphrey*, 512 U.S. 447, 487 (1994). The state court has neither convicted nor sentenced Mr. Page.

[21] ECF Doc. No. 24.

[22] *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 401 (3d Cir. 2000).

[23] *Id.*

[24] *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006).

[25] *Id.*

[26] ECF Doc. No. 24.

[27] *Reardon v. Allegheny Coll.*, 926 A.2d 477, 484 (Pa. Super. 2007)

[28] ECF Doc. No. 7.

[29] *Brinich v. Jencka*, 757 A.2d 388, 397 (Pa. Super. 2000)

[30] *Id.*

[31] *Id.*

[32] *Halsey v. Pfeiffer*, 750 F.3d 273, 293 (3d Cir. 2014).

[33] *Id.* at 294.

[34] *Id.* at 295.

[35] 18 Pa. Cons. Stat. § 4902(a).

[36] *Com. v. Buford*, 116 A.2d 759, 761 (Pa. Super. Ct. 1955).

[37] *Ginsburg v. Halpern*, 118 A.2d 201, 202 (Pa. 1955).

[38] *Robinson v. Coyle*, No. 700 MDA 2014, 2015 WL 6159415, at *5 (Pa. Super. Ct. Apr. 28, 2015).

[39] ECF Doc. No. 24.

[40] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

[41] *Id.* at 394.

[42] *Id.*

[43] *Id.*

[44] *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004).

[45] *Id.* (*quoting Graham v. Connor*, 490 U.S. 386, 397 (1989)) (citations omitted).

[46] *Id.* at 776-77.

[47] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[48] "Qualified immunity shields a government official from money damages unless (1) the official violated a statutory or constitutional right, and (2) the right was "clearly established" at the time of the challenged conduct." *See Aschroft v. al-Kidd*, 563 U.S. 731, 731 (2011) (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The "clearly established" standard requires the applicable legal principle to clearly prohibit the officer's conduct in the particular circumstances before him. *D.C. v. Wesby*, - U.S. - , 138 S. Ct. 577, 590 (2018). A reasonable officer must understand his conduct is unlawful. *Id.*