# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KYLE MARCEL PAGE | : CIVIL ACTION |
|---|---|
| v. | : NO. 18-609 |
| CHIEF DANIEL DOYLE, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**  December 27, 2018

A police chief defending a claim he violated a criminal defendant's civil rights through excessive force must be able to access the plaintiff's criminal file to the extent discoverable in this excessive force case. He may subpoena these records from the prosecutors. While we are unsure how the plaintiff's criminal file for the underlying charge may help the police chief defend the excessive force charge relating to the arrest before the charge, the plaintiff does not oppose the police chief's access to his criminal records. We instead address the district attorney objecting to the police chief's subpoena based on an often-rejected common law investigative privilege under Pennsylvania's Criminal History Record Information Act. The police chief now moves to overrule this objection and the district attorney elected not to respond. After carefully considering the scope of this asserted objection, we overrule the subpoenaed witnesses' objections. The witnesses must produce the subpoenaed records subject only to a detailed attorney-client or work product privilege. We also expect the police chief will have unfettered access to communicate with his lawyer regarding the defense of this excessive force claim.

**I. Background**

Kyle Page sues Chief Daniel Doyle for violating his civil rights by using excessive force in arresting him on February 20, 2017 on suspicion of robbery.[1] The Bucks County District Attorney's Office charged Mr. Page with robbery.[2] He initially plead no contest in the underlying robbery case but withdrew the plea.[3] The Bucks County Court of Common Pleas set Mr. Page's robbery trial for December 5, 2018, but later continued the trial.[4] Mr. Page also has two separate active criminal cases in Bucks County.[5]

Chief Doyle told his counsel the Bucks County District Attorney's Office prohibited him from discussing Mr. Page's criminal matters with his lawyer.[6] On September 4, 2018, Chief Doyle's counsel served subpoenas on the Bucks County District Attorney's Office, the Bucks County Public Defender's Office, and Attorney Timothy J. Barton (the Subpoenaed Nonparties) requesting documents from Mr. Page's criminal cases.[7] The Subpoenaed Nonparties objected, claiming attorney-client privilege, work product privilege, and privilege for "investigative" information under Pennsylvania's Criminal History Record Information Act (the Act).[8]

**II. Analysis**

Chief Doyle now moves to quash objections to his subpoenas for documents under the Act, excepting documents and information detailed in a privilege log specifically describing the attorney-client or work product privilege. He also moves to quash the directive limiting Chief Doyle's ability to discuss the investigation in Mr. Page's criminal cases with his counsel. Chief Doyle argues (1) the Pennsylvania General Assembly did not create a privilege for "investigative" information under the Act and (2) even assuming the General Assembly created a privilege, federal courts do not apply the privilege under the Act to federal claims. We do not find, and no party cites, authority establishing the General Assembly created a privilege under the Act. Even

2

assuming the General Assembly created a privilege under the Act, we join our colleagues in refusing to recognize a federal privilege under the Act for federal claims.

A party may seek discovery from non-parties with a subpoena.[9] "A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)."[10] Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"[11] We look to Federal Rule of Evidence 501 to determine whether a privilege applies: "[t]he common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege . . . But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."[12] Our Court of Appeals held "federal privileges apply to federal law claims, and state privileges apply to claims arising under state law."[13]

The Subpoenaed Nonparties invoke Section 9106(c)(4) of the Act to prevent disclosure of investigative information from Mr. Page's criminal cases. The Act governs dissemination of criminal law enforcement records to citizens.[14] Under Section 9106(c)(4), "[i]nvestigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic."[15]

District courts in our circuit refuse to hold Section 9106(c)(4) of the Act creates a privilege preventing disclosure of investigative information for federal claims in federal courts. In *Griffin-El v. Beard*, the plaintiff sued Pennsylvania Department of Corrections employees under § 1983 alleging they violated his constitutional rights during his incarceration.[16] After the plaintiff sought production of his prison mental health records, the Department of Corrections asked the court to

3

recognize a federal common law privilege under the Act to prevent disclosure of the records.[17] The court refused to find a federal privilege under the Act for a federal claim. The court doubted whether the General Assembly intended to create a privilege with the Act, explaining Section 9106(c)(4) does not contain the word "privilege."[18] The court also explained since numerous parties could assist in an investigation, recognition of a privilege under Section 9106(c)(4) would likely be "unworkable or even unwaivable," as waiver could depend on the consent of many different people.[19]

In *Curtis v. McHenry*, the plaintiffs brought a § 1983 state-created-danger claim alleging the Pennsylvania State Police "turned a blind eye" to their complaints of harassment from their neighbors.[20] The court held the State Police cannot invoke the Act to prevent disclosure of investigative police reports.[21] The district court explained it was not required under Rule 501 to apply a blanket privilege against disclosure of police investigative information simply because the Pennsylvania General Assembly may have recognized one.[22] Explaining the "common law" governs a claim of privilege in a federal case, the court found no authority "among the principles of common law for a blanket privilege against the discovery of police reports simply because they contain investigative information[.]"[23] The court further explained if it must apply a state statutory privilege to a federal claim, "a state could completely frustrate the ability to prove § 1983 claims against state law enforcement officers by simply passing a statute that privileged all information relating to any law enforcement activity."[24]

In *Carusone v. Kane*, the court refused to recognize a federal privilege under the Act when the plaintiff sued the former Pennsylvania Attorney General under § 1983.[25] The plaintiff sought production of the investigative information from the criminal case against the former Attorney General, who claimed privilege under Section 9106(c)(4) of the Act. Judge Rambo explained in

4

federal court under Rule 501, "[c]ommon law governs a claim of privilege unless the U.S. Constitution, a federal statute, or a rule prescribed by the Supreme Court provides otherwise."[26] Judge Rambo found district courts in our circuit "consistently"[27] held the Act "does not compel a federal court to recognize a blanket privilege against the discovery of police reports containing investigative information or complaints against third persons simply because the Pennsylvania legislature may have enacted a privilege, as that does not render the privilege as one fairly characterized as a principle of common law."[28]

We see no reason to diverge from the precedent in our circuit.[29] We refuse to apply a federal privilege under the Act to Mr. Page's § 1983 claim. Section 9106(c)(4) of Act does not contain the word "privilege." We find no authority recognizing a privilege preventing disclosure of investigative information as "a principle of common law." Such a privilege would be unworkable when determining who could waive the privilege. If we apply the Act to Mr. Page's § 1983 claim, we would allow the Pennsylvania General Assembly to prevent a plaintiff in a § 1983 case against police officers from obtaining relevant information to prove the plaintiff's case. As we refuse to apply a federal privilege under the Act to Mr. Page's § 1983 claim, we grant Chief Doyle's motion to quash the objections of the Bucks County District Attorney's Office, the Bucks County Public Defender's Office, and Attorney Timothy J. Barton based on Section 9106(c)(4) of the Act.

We do not presently address Chief Doyle's arguments regarding his ability to discuss the defense of this excessive force case with his lawyer. As the District Attorney has inexplicably failed to address this issue, we expect he, and his agents, will not interfere in Chief Doyle's attorney-client relationship with his lawyer in this case. We expect the prompt production of the subpoenaed documents and, if Chief Doyle's communications with his lawyer are impeded by an

5

outside source, we expect Chief Doyle will <u>promptly</u> move for sanctions for interfering with his attorney-client relationship.

## III. Conclusion

In an accompanying Order, we grant Chief Doyle's motion to quash the objections of the Bucks County District Attorney's Office, the Bucks County Public Defender's Office, and Attorney Timothy J. Barton based on Section 9106(c)(4) of the Act, excepting objections based on attorney-client privilege and work product privilege. The Bucks County District Attorney's Office shall not prohibit Chief Doyle from providing information concerning Mr. Page's criminal cases, excepting information covered by attorney-client privilege and work product privilege.

---

[1] ECF Doc. No. 7.

[2] ECF Doc. No. 54, at p. 1.

[3] *Id.*

[4] *Id.* at p. 1, 4.

[5] *Id.* at p. 1.

[6] *Id.* at p. 2.

[7] *Id.*

[8] *Id.* at p. 3.

[9] Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

[10] *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016) (quoting *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007)).

[11] Fed. R. Civ. P. 26(b)(1).

6

[12] Fed. R. Evid. 501.

[13] *Pearson v. Miller*, 211 F.3d 57, 66 (3d Cir. 2000).

[14] 18 Pa. C.S. § 9121.

[15] *Id.* § 9106(c)(4).

[16] *Griffin-El v. Beard*, No. 06-2719, 2009 WL 1606891, at *13 (E.D. Pa. June 8, 2009).

[17] *Id.*

[18] *Id.* at *14.

[19] *Id.* at *15 ("[I]t is difficult to determine who could waive the privilege, as the confidentiality interests of a criminal defendant, criminal justice agencies, and other individuals, such as those who assist with investigations, could be implicated by the Act.").

[20] *Curtis v. McHenry*, 172 F.R.D. 162, 163 (W.D. Pa. 1997).

[21] *Id.* at 164.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Carusone v. Kane*, No. 16-1944, 2017 WL 5900429, at *2 (M.D. Pa. Nov. 30, 2017).

[26] *Id.*

[27] *Benedict v. McMahon*, 315 F.R.D. 447, 452 (E.D. Pa. 2016) ("CHRIA does not compel us to recognize a blanket privilege against the discovery of police reports containing investigative information or complaints against third person."). *Guerrido-Lopez v. City of Allentown*, No. 15-1660, 2016 WL 1182158, at *2 (E.D. Pa. Mar. 28, 2016) ("[A] state statute protecting the confidentiality of criminal records does not justify denying discovery of evidence relevant to a claim brought against police or municipal defendants under federal civil rights statutes.").

[28] *Carusone*, 2017 WL 5900429, at *2.

[29] Two courts in our district applied the Act to prevent disclosure of information in discovery in a federal case over twenty-six years ago. *McCrery v. Mark*, No. 90-4652, 1992 WL 208980 (E.D. Pa. Aug. 19, 1992); *Brooks-Bey v. Reid*, No. 91-2726, 1992 WL 22234 (E.D. Pa. Feb. 4, 1992). The courts decided these cases before our Court of Appeals decision in *Pearson*. 211 F.3d at 66 ("Merely asserting that a state statute declares that the records in question are 'confidential' does

not make out a sufficient claim that the records are 'privileged' within the meaning of Fed. R. Civ. P. 26(b)(1) and Fed R. Evid. 501."). In *McCrery* and *Brooks-Bey*, the district court merely applied the state statute rather than determining whether the common law recognizes such a privilege. Since these two cases, district courts in our circuit have uniformly refused apply a privilege under the Act to prevent disclosure of investigative information in a federal question case. *Guerrido-Lopez*, 2016 WL 1182158, at *2 ("Counsel neglected to disclose, however, the line of cases decided after *McCrey* that have rejected its holding that a state statute creates a privilege that controls discovery regarding federal claims brought in the federal courts.").